## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| **WATERTOWN DEVELOPMENT OF NY, LLC**, and | ) ) ) ) | |
| **UPSTATE NY POWER CORP**, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. _____ |
| **PATTERN ENERGY GROUP, LP,** | ) ) | **JURY DEMANDED** |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiffs, Watertown Development of NY, LLC ("Watertown") and Upstate NY Power Corp ("Upstate"), as and for their Complaint against Pattern Energy Group, LP, state as follows:

1. Watertown is a New York limited liability company with its principal place of business located at 950-A Union Road, West Seneca, New York.

2. Upstate is a New York electric corporation, pursuant to § 2 of the New York Transportation Corporation Law, with its principal place of business located at 950-A Union Road, West Seneca, New York.

3. Pattern Energy Group, LP ("Pattern") is a Texas limited partnership with its principal place of business at Pier 1, Bay 3, San Francisco, California.

4. Subject-matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331(a) because the action is between citizens of different States and the value of the relief sought exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to Plaintiffs' claims arose in this District.

6.      Throughout the Summer of 2007, Watertown researched potential locations in the State of New York for a wind energy project (the "Project").  Watertown found a suitable location, and to confirm its conclusion, Watertown conducted additional research, including but not limited to preliminary evaluations of wind resources, the feasibility of receiving necessary governmental permits, potential environmental issues, transmission interconnects, power markets, and construction logistics.

7.      Watertown then negotiated options to purchase the real property necessary for the Project.

8.      At or around the same time, Watertown formed Upstate as a single purpose entity to own and develop the Project.  Watertown is the sole shareholder of Upstate.

9.      Watertown sought a money partner to provide development capital in connection with the Project, and to ultimately purchase the Project.  On October 19, 2007, Watertown and nonparty Babcock & Brown Renewable Holdings, Inc. ("Babcock") entered into a Letter of Intent ("LOI") whereby Babcock would effectively purchase the Project, and Upstate, from Watertown, in return for which Watertown would receive a share of Project profits.

10.     Babcock's capital contributions for Project development were secured by loan documents, and would be repaid out of financing when the Project went to construction.

11.     The LOI contained all necessary material terms for the purchase of the Project and Upstate, but still required Babcock and Watertown to negotiate in good faith, and enter into, definitive documentation reflecting the LOI terms, most notably a purchase and sale agreement (the "Purchase and Sale Agreement").

12.     For approximately 2 ½ years, WDNY and Upstate performed their obligations under the LOI by securing development approvals; and Babcock performed its obligation by advancing approximately $10 million in capital contributions for Project development.

13.     Despite requests by WDNY, Babcock did not prepare the Purchase and Sale Agreement, and instead extended the LOI several times while both parties substantially performed under the terms of the LOI.

14.     On or about May 20, 2009, Watertown and Babcock renewed the LOI by entering into an Amended and Restated LOI, which required the Purchase and Sale Agreement to be completed by July 31, 2009.  The terms of the Amended and Restated LOI were virtually identical to the original LOI terms.

15.     Shortly thereafter, Pattern acquired Babcock.  Pattern is the successor-in-interest to Babcock in all respects that are relevant to this litigation, and Pattern's management team was formerly employed by Babcock and fully involved in the Project on Babcock's behalf before Pattern's purchase of the Project.  It was also Pattern's management team that requested WDNY re-sign the Amended and Restated LOI on May 20, 2009.

16.     The LOI and Amended and Restated LOI are enforceable contracts.

17.     Pattern did not negotiate in good faith towards the Purchase and Sale

Agreement.

18.     Despite numerous requests by WDNY both before and after the July 31,

2009 expiration date of the Amended and Restated LOI, Pattern has refused to enter into

a Purchase and Sale Agreement that reflects the terms as stated in the LOI and Amended

and Restated LOI.

19.     Pattern has engaged in numerous other breaches of the terms of the

contract, including its duty of good faith and fair dealing.

20.     As a direct result of Pattern's breaches of the LOI and Amended and

Restated LOI, Watertown and Upstate have suffered damages in an amount to be proved

at trial, but which exceeds $75,000.00, exclusive of interest and costs.

**WHEREFORE**, Watertown and Upstate demand judgment against Pattern as follows:

(a)     An award of compensatory damages for Pattern's breach of contract;

(b)     Declaratory judgment that should the contract not be enforceable for any

reason, WDNY's sole obligation is to repay Pattern its capital contributions; and

(c)     Such other and further relief as this Court may deem just and proper.

5

Plaintiffs demand a trial by jury.

Dated: Buffalo, New York      Respectfully submitted,
   November 29, 2010     DAMON MOREY LLP


By:    s/ Gregory Zini
      William F. Savino
      Gregory Zini
      *Attorneys for Plaintiffs*
      The Avant Building, Suite 1200
      200 Delaware Avenue
      Buffalo, New York 14202
      Telephone:  (716) 856-5500
      Telecopier:  (716) 856-5510
      wsavino@damonmorey.com
      gzini@damonmorey.com